UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADELINA NAJERA, *individually and on behalf of others similarly situated*,

                Plaintiff,

– *against* –

ATMI KURTISHI *and* ATMI JUNIOR LAUNDROMAT INC.,

                Defendants.

**OPINION & ORDER**

21-cv-01309 (ER)

RAMOS, D.J.:

    Adelina Najera brought this wage-and-hour case against Defendants Atmi Kurtishi and Atmi Junior Laundromat Inc. in February 2021. Najera alleged that she was not paid properly while working at the laundromat, which was managed by Kurtishi. After conducting a one-day bench trial, the Court ruled in Najera's favor on some claims but not others. Counsel for Najera now seeks attorney fees and costs. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART. Counsel is entitled to an award of fees and costs, but the Court will reduce the requested figure given Najera's limited degree of success.

**I.    BACKGROUND**

    The factual background and procedural history of this case are set out in the Court's previous opinion. *Najera v. Kurtishi*, No. 21 Civ. 1309 (ER), 2023 WL 4529866 (S.D.N.Y. July 13, 2023); *see* Doc. 66. The Court provides a short summary here of the relevant details.

    Najera brought this action for violations of the Fair Labor Standards Act (FLSA), the New York Labor Law (NYLL), and New York State regulations. *Najera*, 2023 WL 4529866, at *1. She alleged unpaid minimum wages and overtime pursuant to the FLSA and NYLL; "spread of hours" violations pursuant to state regulations; and violations of the notice, recordkeeping, and wage statement provisions of the NYLL. *Id.*

The Court held a bench trial on February 15, 2023. Following that trial, the Court made findings on two key disputed issues of fact. First, the Court rejected Najera's assertions that she had worked additional hours between 2015 and 2020 other than those reflected in Defendants' payroll records. *Id.* at *7. The Court found that Najera's testimony "was not credible and is unsupported by the record." *Id.* As a result, the Court found that Najera had worked only for a total of seven, non-contiguous weeks in 2018, 2019, and 2020, as set out in the laundromat's records. *Id.* The evidence made clear "that Najera did not work for the laundromat on a full time basis, that she only worked more than 40 hours one week, and that she merely served as a substitute attendant when other laundry attendants were unavailable to fill their shifts." *Id.*

Second, the Court found that the laundromat did not make at least $500,000 in gross sales during any year between 2015 and 2020. *Id.* Accordingly, the Court concluded that the laundromat was not a "covered enterprise" subject to the requirements of the FLSA. *Id.* at *7–8 (citing 29 U.S.C. § 203(s)(1)(A)(ii)).

Although the FLSA claims failed as a matter of law, the Court found that it could properly maintain supplemental jurisdiction over the state-law claims. *Id.* at *8–9. On those claims, the Court concluded that Defendants had willfully failed to pay Najera the applicable minimum and overtime wages for the hours she worked at the laundromat. *Id.* at *9. The Court awarded Najera $527 in unpaid minimum and overtime wages and $120 in unpaid spread of hours wages. *Id.* The Court also awarded liquidated damages in the same amount—$527 for unpaid minimum and overtime wages and $120 for unpaid spread of hours wages. *Id.* at *10. In addition, the Court found that Defendants had violated the NYLL by failing to provide Najera with wage notices or wage statements. *Id.* The Court awarded Najera $550 for wage notice violations and $2,750 for wage statement violations. *Id.* In total, Najera was awarded $4,594 in damages.

Counsel for Najera has now moved for an award of $26,645 in attorney fees and $3,351.05 in costs. Doc. 69 at 8. Defendants oppose the request, asserting that either

2

they should not be required to pay any attorney fees or the requested fees should be "drastically reduced." Doc. 70 at 1.

## II. LEGAL STANDARD

Under the NYLL, a prevailing plaintiff may recover reasonable attorney fees and costs. NYLL §§ 198, 663(1); *see also, e.g., Tarax v. Blossom W. Inc.*, No. 19 Civ. 6228 (JSR), 2022 WL 2132749, at *1 (S.D.N.Y. June 14, 2022).

In determining the amount of attorney fees to be awarded, "a court must calculate the 'presumptively reasonable fee.'" *Vasquez v. NS Luxury Limousine Serv. Ltd.*, No. 18 Civ. 10219 (AJN), 2022 WL 377378, at *1 (S.D.N.Y. Feb. 8, 2022) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). That figure is generally calculated "by multiplying 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Id.* (omission in original) (quoting *Gortat v. Capala Bros., Inc.*, 621 F. App'x 19, 22 (2d Cir. 2015)). There are also "other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the results obtained." *Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101, 106 (2d Cir. 2022) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). A district court has "considerable discretion in determining what constitutes reasonable attorney's fees in a given case." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008).

## III. DISCUSSION

### A. Reasonable Rate

The Court first examines whether counsel's hourly rates are reasonable. *Vasquez*, 2022 WL 377378, at *2. "The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. While Defendants have not raised any specific objections to counsel's proposed hourly rates, "this Court may nevertheless exercise its discretion to review the appropriateness of those rates." *Sanchez v. I&A Rest. Corp.*, No. 14 Civ. 0726 (DF), 2017 WL 2537814, at *4 (S.D.N.Y. May 22, 2017).

Counsel for Najera asserts that two attorneys from CSM Legal, P.C., performed billable work on this case: Jesse Barton, whose proposed rate is $400 per hour, and Catalina Sojo, whose proposed rate is $350 per hour. Doc. 69 at 4. Two paralegals from CSM Legal, Jasmine Hernandez and Felipe Gomez, also worked on the case. Doc. 68 ¶¶ 7–8. The proposed rate for both paralegals is $125 per hour. *Id.*

First, the Court finds that Barton's proposed $400 hourly rate is too high. Barton is of counsel to CSM Legal. *Id.* ¶ 5. He graduated from Fordham Law School in 2012 and was admitted to the New York State bar in 2013. *Id.* Barton has significant experience in wage-and-hour litigation. *Id.* Courts have approved a slightly lower rate for Barton in some cases. *See Navarro Zavala v. Trece Corp.*, No. 18 Civ. 1382 (ER), 2020 WL 728802, at *2 (S.D.N.Y. Feb. 13, 2020) (approving $375 hourly rate for Barton); *Calle v. NDG Coffee Shop, Inc.*, No. 16 Civ. 7702 (RJS), 2018 WL 1779347, at *2 (S.D.N.Y. Apr. 12, 2018) (same). In this matter, the Court concludes that a rate of $375 per hour for Barton is reasonable.

With respect to Sojo, the Court finds that the requested rate of $350 per hour is appropriate. Sojo is the managing member of CSM Legal. Doc. 68 ¶ 6. She received a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017, and she received an LL.M. from Cornell University School of Law in 2019. *Id.* She joined CSM Legal in June 2020. *Id.* Other courts have approved a $350 rate for Sojo. *See Escalante v. Elimor LLC*, No. 22 Civ. 6784 (AT), 2023 WL 4350652, at *3 (S.D.N.Y. July 5, 2023); *Vasquez v. Tasty Picks II Corp.*, No. 21 Civ. 8799 (ER), 2022 WL 17249365, at *2–3 (S.D.N.Y. Nov. 28, 2022). Here too, the Court will approve the $350 hourly rate.

Finally, the Court concludes that the requested $125 hourly rate for both paralegals is reasonable. *See, e.g., Tarax*, 2022 WL 2132749, at *3 (approving $125 hourly rate for paralegal); *Tepale v. 245 Gourmet Food Inc.*, No. 21 Civ. 5950 (ER), 2022 WL 1186574, at *3 (S.D.N.Y. Apr. 21, 2022) (same).

4

### B. Reasonable Hours

The Court next considers whether the number of hours billed is reasonable. *Vasquez*, 2022 WL 377378, at *2. "A court has broad discretion to 'trim the fat' in an application for attorneys' fees, and to eliminate excessive or duplicative hours." *Id.* (quoting *Quiroz v. Luigi's Dolceria, Inc.*, No. 14 Civ. 871 (VVP), 2016 WL 6311868, at *3 (E.D.N.Y. Oct. 28, 2016)). Again, Defendants do not raise any specific objections to the hours billed, but the Court will exercise its discretion to review the proposed hours. *See Sanchez*, 2017 WL 2537814, at *4.

Counsel for Najera has submitted time records for the attorneys and paralegals mentioned above. Doc. 68-1. Counsel requests compensation for 75.9 total hours of billed time. *Id.*; *see* Doc. 69 at 7. The Court finds that total to be reasonable given that this matter proceeded to a one-day bench trial. *See, e.g.*, *Silva v. Legend Upper W. LLC*, 590 F. Supp. 3d 657, 666 (S.D.N.Y. 2022) (finding 126.35 total hours of work to be reasonable in wage-and-hour case involving one-day bench trial), *report and recommendation adopted*, No. 16 Civ. 3552 (PGG), 2022 WL 4377896 (S.D.N.Y. Sept. 22, 2022); *Guo v. Tommy's Sushi, Inc.*, No. 14 Civ. 3964 (PAE), 2016 WL 452319, at *7 (S.D.N.Y. Feb. 5, 2016) (concluding that reduced total of 197.39 hours was reasonable in wage-and-hour case involving one-day bench trial). Counsel's time entries provide sufficient detail and do not reflect excessive or duplicative billing. *See, e.g.*, *Martinez Romero v. Lucky Fluke Corp.*, No. 16 Civ. 1915 (AKH), 2018 WL 11216549, at *3 (S.D.N.Y. Feb. 6, 2018) ("A close reading does not reveal the type of excessive billing that would require the Court to adjust the hours claimed by counsel."). The Court thus concludes that the number of hours billed is reasonable.

### C. Degree of Success

The Court's analysis, however, does not end there. The degree of success achieved by the plaintiff is "'the most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case." *Barfield*, 537 F.3d at 152

(quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). This assessment "is not limited to inquiring whether a plaintiff prevailed on individual claims." *Id.* Instead, the court must evaluate both "'the quantity and quality of relief obtained,' as compared to what the plaintiff sought to achieve as evidenced in her complaint." *Id.* (quoting *Carroll v. Blinken*, 105 F.3d 79, 81 (2d Cir. 1997)).

Here, Defendants note that Najera's FLSA claims were denied and that the damages award was based on the state-law claims. Doc. 70 at 2. They urge the Court to consider Najera's posttrial abandonment of her assertion that she had worked at the laundromat for five full years. *Id.* Furthermore, Defendants argue that the Court should consider the fact that Defendants made an initial settlement offer of $1,000, while Najera demanded $80,000 based on five years of work. *Id.* In Defendants' view, they "should not have to pay in legal fees more than five times the damages awarded to the plaintiff when it is clear that the initial claim was fabricated." *Id.* They ask the Court to either award no fees or reduce the requested fees "to be proportional to the damages award to the Plaintiff." *Id.* at 1.

Defendants' proportionality arguments are inconsistent with well-established precedent. Courts have repeatedly rejected the notion that fee awards in wage-and-hour cases must be proportional to the plaintiff's recovery. *See, e.g.*, *Dajbabic v. Rick's Cafe*, 995 F. Supp. 2d 210, 211–12 (E.D.N.Y. 2014) ("While the degree of success achieved by the attorney in a statutory fees case is often described as the most critical factor in determining the reasonable fee, the fee need not be proportionate to the success, and fee awards far greater than the damages awarded may be found reasonable."); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011) ("While the requested attorneys' fees exceed plaintiffs' own recovery in the case, that is of no matter. In FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights.");

6

*see also Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 10–11 (S.D.N.Y. 2015) (collecting cases and observing that "the clear thrust of case law in this Circuit rejects the need for an FLSA attorney's award of fees to be proportional to the success achieved for the client").

As the Second Circuit has explained in the FLSA context, these cases "often involve ordinary, everyday workers who are paid hourly wages," and "favorable outcomes frequently result in limited recoveries." *Fisher v. SD Protection Inc.*, 948 F.3d 593, 603–04 (2d Cir. 2020). Few attorneys would accept these "run of the mill" cases if they were limited to a proportional fee of their client's recovery, and workers "would be left with little legal recourse." *Id.* at 604; *see also Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011) ("The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery."). Accordingly, the Court rejects Defendants' arguments that counsel should be awarded no fees at all or a fee that is proportional to Najera's recovery.[1]

At the same time, the Court finds that some reduction of the fee award is appropriate given the limited degree of success in this case. The court's decision in *Sanchez* is instructive. The fact pattern there was similar: the plaintiff brought claims against a restaurant for denial of overtime pay and other compensation under the FLSA and the NYLL. *Sanchez*, 2017 WL 2537814, at *1. Following a bench trial, the court found that the restaurant's gross annual sales were well short of the $500,000 threshold to make it a covered entity under the FLSA. *Id.* The court dismissed the FLSA claims but retained jurisdiction over the plaintiff's pendent state-law claims. *Id.* at *2. The court

---

[1] Defendants' reliance on the parties' settlement negotiations is also unavailing. Doc. 70 at 2. "It is well-settled that attorneys' fees should not be reduced as a consequence of rejecting a settlement offer absent a showing of bad faith." *Bond v. Welpak Corp.*, No. 15 Civ. 2403 (JBW) (SMG), 2017 WL 4325819, at *7 (E.D.N.Y. Sept. 26, 2017) (concluding that plaintiff's decision to reject a pretrial settlement offer did not warrant a reduction in attorney fees); *see also Ortiz v. Regan*, 980 F.2d 138, 140–41 (2d Cir. 1992) ("A district court should not rely on informal negotiations and hindsight to determine whether further litigation was warranted and, accordingly, whether attorney's fees should be awarded. Otherwise, plaintiffs with meritorious claims may be improperly dissuaded from pressing forward with their litigation.").

concluded, however, that the plaintiff was denied overtime pay for a shorter period than alleged and that he had worked fewer hours than stated. *Id.* at *1. As a result, he was entitled to only approximately $11,000 in damages—far less than the nearly $265,000 he had sought. *Id.* at *2, *6.

In evaluating counsel's fee application, the *Sanchez* court concluded that the plaintiff "can hardly be described as having achieved a 'high degree' of success." *Id.* at *6 (citation omitted). The plaintiff's federal claims were dismissed, while his recovery for the state-law claims "was for less than one-seventh of the time frame for which such damages were sought, and, even as to that shorter period, the overtime hours demonstrated at trial were considerably fewer than what Plaintiff had alleged." *Id.* Still, the court rejected defendants' request to reduce the fees by 50 percent, explaining that "the work required to achieve Plaintiff's recovery of unpaid overtime compensation under the NYLL, even if not all of the overtime pay sought, overlapped substantially with the work that was needed to prosecute Plaintiff's FLSA claims and the portion of his NYLL overtime claims on which he did not prevail." *Id.* The court found that a 15-percent reduction in the requested fees was warranted to account for the plaintiff's limited success. *Id.*; *see also, e.g.*, *Bond v. Welpak Corp.*, No. 15 Civ. 2403 (JBW) (SMG), 2017 WL 4325819, at *7 (E.D.N.Y. Sept. 26, 2017) (imposing 25-percent reduction where damages awarded were "far more modest than plaintiffs had originally sought").

In this case, Najera's proposed findings of fact and conclusions of law requested a total of $78,029.50 in damages. Doc. 49 at 11. As noted above, the Court ultimately awarded only $4,594 in damages. *Najera*, 2023 WL 4529866, at *10. As in *Sanchez*, this limited degree of success was due in large part to the Court's conclusion that Najera worked significantly fewer hours than alleged. Here too, some reduction in the requested fee award is justified. But this case also resembles *Sanchez* in that the work expended by counsel on the unsuccessful FLSA claims and the unsuccessful portions of the NYLL claims substantially overlapped with the work that was needed to prosecute the successful

8

NYLL claims. *See Sanchez*, 2017 WL 2537814, at *6. In this case, considering Najera's lack of success, the Court finds that a 25-percent reduction is appropriate.

The Court will calculate the fee award using the hourly rates discussed above (reducing Barton's proposed rate to $375 per hour) and using adjusted figures for the hours expended (reducing the hours of each attorney and paralegal by 25 percent). *See id.* at *7 (multiplying each attorney's reduced hourly rate by a reduced number of hours billed); *see also, e.g., Lopez v. Cajmant LLC*, No. 15 Civ. 593 (ENV) (RER), 2020 WL 9814059, at *9 (E.D.N.Y. Oct. 26, 2020) (reducing fee award through an across-the-board percentage reduction of hours), *report and recommendation adopted*. Using this approach, Barton will be credited with 44.85 billable hours at a rate of $375 per hour, along with 1.5 hours of travel at half that rate, for a total of $17,100.[2] Sojo will be credited with 1.875 billable hours at a rate of $350 per hour, for a total of $656.25. And the two paralegals will be credited with a combined 8.7 billable hours at a rate of $125 per hour, for a total of $1,087.50. In total, therefore, counsel for Najera is entitled to $18,843.75 in attorney fees.

### D. Costs

Counsel for Najera also requests reimbursement of $3,351.05 in costs. Doc. 69 at 8; Doc. 68-2; *see also* Doc. 68 ¶ 3 & n.1. These are costs associated with court filings, service of process, translation services, and trial transcripts. Doc. 69 at 8. The Court finds that these costs are sufficiently documented and are recoverable. *See, e.g., Sanchez*, 2017 WL 2537814, at *7 (awarding costs for filing, service, transcript, and interpreter fees).

## IV.   CONCLUSION

For the foregoing reasons, the motion for attorney fees is GRANTED IN PART and DENIED IN PART. Counsel for Najera is entitled to $18,843.75 in attorney fees

---

[2] In the time records submitted, Barton billed his 2 hours of travel time at $200 per hour—half of his proposed $400 per hour rate. Doc. 68-1 at 3.

9

and $3,351.05 in costs, for a total of $22,194.80. The Clerk of Court is respectfully directed to terminate the motion, Doc. 67, and close the case.

It is SO ORDERED.

Dated:  January 17, 2024
        New York, New York

                                      EDGARDO RAMOS, U.S.D.J.